UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.

                                   Case No. 14-20115
                                   Hon. Gerald E. Rosen

VERNON LAWSON,

      Defendant.

_____/

**OPINION AND ORDER DENYING
DEFENDANT'S MOTION TO DISMISS INDICTMENT**

      At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on         July 10, 2014        

      PRESENT: Honorable Gerald E. Rosen
                         Chief Judge, United States District Court

## I. INTRODUCTION

Defendant Vernon Lawson is named along with four other defendants in a March 4, 2014 indictment, and is charged in four counts of this eleven-count indictment with (i) conspiracy to defraud the United States in violation of 18 U.S.C. § 286 (Count One), (ii) filing a false claim with the Internal Revenue Service ("IRS"), an agency of the United States Department of the Treasury, in violation of 18 U.S.C. § 287 (Count Three), and (iii) two counts of aiding and abetting in the preparation and filing of a false claim against the United States, in violation of 18 U.S.C. §§ 287 and 2 (Counts Six and Seven). Each of these charges rests upon allegations that Defendant participated in a scheme to

file false claims for income tax refunds with the IRS, and to recruit additional individuals to file false tax returns claiming refunds to which these individuals were not entitled.

Through the present *pro se* motion filed on March 11, 2014 — just a few days after the grand jury returned its indictment — Defendant seeks the dismissal of the charges against him on a number of grounds. At a hearing held on April 8, 2014, the Court determined that Defendant had knowingly and voluntarily waived his right to be represented by counsel, but nonetheless appointed standby counsel who will be available to assist Defendant, despite his repeated insistence that he did not want and would not avail himself of the services of standby counsel. The Court further instructed the Government to respond to Defendant's motion to dismiss, and allowed Defendant the opportunity to file a reply in further support of his motion.

Defendant's motion has now been fully briefed by the parties, and the Court addressed this motion at a July 2, 2014 hearing. For the reasons stated on the record at the July 2 hearing, as supplemented by the rulings below, the Court denies Defendant's motion.

## II. <u>ANALYSIS</u>

In his present motion, Defendant purports to raise 25 issues for the Court's consideration. (*See* Defendant's Motion at 2-3.) The bulk of these issues, however, are not further discussed (or even mentioned) in the balance of Defendant's motion, and "[i]t is well-established that issues adverted to in a perfunctory manner, unaccompanied by

some effort at developed argument, are deemed waived." *Dillery v. City of Sandusky,* 398 F.3d 562, 569 (6th Cir. 2005) (internal quotation marks and citations omitted); *see also Bishop v. Gosiger, Inc.,* 692 F. Supp.2d 762, 774 (E.D. Mich. 2010) ("It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to put flesh on its bones." (internal quotation marks and citations omitted)). In addition, many of these purported "issues" incorporate the usual tax protestor stock-in-trade — *e.g.,* appeals to Uniform Commercial Code provisions as somehow governing the proceedings in this criminal case — or pose broad rhetorical questions that are wholly immaterial to the present inquiry — *e.g.,* Defendant's issue number 19, which asks whether "a Federal Rule of Criminal Procedure [may] deprive a defendant of his due process right," (Defendant's Motion at 3). Having thoroughly reviewed Defendant's motion, and being mindful that the submissions of *pro se* litigants are "held to less stringent standards than those prepared by attorneys," *Martin v. Overton,* 391 F.3d 710, 712 (6th Cir. 2004), the Court is able to discern three substantive challenges to the charges brought against Defendant in this case. The Court addresses each of these challenges in turn, and concludes that none of them has merit.

First, Defendant faults the Government for failing to "submit[] any evidence or offer of proof" that would support the charges brought against him. (Defendant's Motion at 6; *see also id.* at 10, 14 (insisting that the Government will be unable to establish one or more of the elements of the charges in Counts Three, Six, and Seven of

the indictment).) Plainly, however, the Government is not obliged to prove the allegations of the indictment at this threshold stage of this case. Rather, the indictment is sufficient so long as it "fully, directly, and expressly sets forth all the elements necessary to constitute the offense intended to be punished." *United States v. McAuliffe,* 490 F.3d 526, 531 (6th Cir. 2007) (internal quotation marks, alterations, and citation omitted). Moreover, in assessing the sufficiency of an indictment, the Court must construe it "liberally in favor of its sufficiency," and must accept its factual allegations as true. *McAuliffe,* 490 F.3d at 531. Defendant will have the opportunity at trial to challenge the factual basis for the Government's allegations of criminal wrongdoing, and to insist that the Government prove each of the elements of the charged offenses beyond a reasonable doubt.

In his motion and reply brief, however, Defendant insists that the Government will be unable to prove at least one of the elements of each of the offenses charged in the indictment — namely, the requirements under the statutes cited in the indictment (i) that the fraudulent scheme in which Defendant allegedly participated must have been directed against "the United States, or any department or agency thereof," 18 U.S.C. § 286, and (ii) that he presented allegedly fraudulent claims "upon or against the United States, or any department or agency thereof," 18 U.S.C. § 287. In Defendant's view, the charged offenses rest upon the premise that the IRS is the requisite "agency" of the United States to which fraudulent claims allegedly were presented, but he asserts that the IRS is not, in

4

fact, an agency of the U.S. Government.

Defendant's argument on this point, however, evidently rests almost exclusively on a statement in an answer filed by the United States in a 1993 civil suit brought in the U.S. District Court for the District of Idaho, in which the Government "[d]enie[d] that the Internal Revenue Service is an agency of the United States Government but admit[ted] that the United States of America would be a proper party to this action." (*See* Defendant's Motion, Ex. A, *Diversified Metal Products, Inc. v. T-Bow Company Trust, et al.,* No. 93-405 (D. Idaho), Answer at ¶ 4.)[1] Because Defendant has not provided a copy of the complaint to which this answer responds, the Court is unable to discern the context in which the Government made this statement.[2] In any event, while Defendant evidently believes that the Government should be bound by this apparent denial in a 20-year-old pleading that the IRS is an agency of the U.S. government, the law is clear that a party's pleadings in a prior suit may be offered only as evidentiary

---

[1]Apart from this 1993 pleading filed with the Idaho federal district court, Defendant also points to a footnote in a 35-year-old Supreme Court decision, *Chrysler Corp. v. Brown,* 441 U.S. 281, 99 S. Ct. 1705 (1979). In this footnote, the Court observes that the legislation that gave rise to the Bureau of Internal Revenue (the predecessor to the IRS) created "virtually no Washington bureaucracy" in support of this agency, and that nearly all of the Bureau's operations "were carried out in the field." *Chrysler Corp.,* 441 U.S. at 297 n.23, 99 S. Ct. at 1715 n.23. Plainly, the absence of Washington, D.C. infrastructure in support of this Bureau's operations — a historical fact which, as noted by the Court, had changed by the 20th century, *see Chrysler Corp.,* 441 U.S. at 297 n.23, 99 S. Ct. at 1715 n.23 — says nothing about the Bureau's status as an agency of the U.S. government, much less about the status of the present-day IRS as a federal government agency.

[2]Presumably, because the IRS was named as a party to this 1993 district court suit, the Government's statement in its answer was intended to advance the contention that the United States itself, rather than the IRS, was the proper party to this action.

admissions in a subsequent suit involving that party, and not as binding judicial admissions. *See, e.g., Barnes v. Owens-Corning Fiberglas Corp.,* 201 F.3d 815, 829 (6th Cir. 2000); *Cadle Company II, Inc. v. Gasbusters Production I Limited Partnership,* No. 10-5060, 441 F. App'x 310, 315 (6th Cir. Sept. 9, 2011). Because the indictment here includes the requisite allegations (i) that Defendant conspired with others "to defraud the United States," (3/4/2014 Indictment, Count One), (ii) presented false and fraudulent claims "to the Internal Revenue Service, an agency of the Department of the Treasury," (Count Three), and (iii) aided and abetted in the presentment of false and fraudulent claims "to the Internal Revenue Service, an agency of the Department of the Treasury," (Counts Six and Seven), the Government has sufficiently alleged the "United States or department or agency thereof" element of each of the charged offenses, and the evidentiary admission identified by Defendant does not preclude the Government from proving these allegations at trial.[3]

---

[3]The Court assumes, for present purposes only, that the status of the IRS as a U.S. government agency is a factual issue for the jury to resolve at trial. A substantial body of case law calls this premise into question, however, and instead holds as "a matter of well-established law" that "the IRS is an agency of the United States." *United States v. Hoodenpyle,* No. 10-1457, 461 F. App'x 675, 682 (10th Cir. Feb. 7, 2012); *see also Donaldson v. United States,* 400 U.S. 517, 534, 91 S. Ct. 534, 544 (1971) (observing that "the Internal Revenue Service is organized to carry out the broad responsibilities of the Secretary of the Treasury under § 7801(a) of the [Internal Revenue] Code," 26 U.S.C. § 7801(a)), *superseded by statute on other grounds as stated in Tiffany Fine Arts, Inc. v. United States,* 469 U.S. 310, 315-16, 105 S. Ct. 725, 727-28 (1985); *United States v. Fern,* 696 F.2d 1269, 1273 (11th Cir. 1983) ("Clearly, the Internal Revenue Service is a 'department or agency' of the United States."); *Dunn v. Internal Revenue Service,* No. 07-10528, 2007 WL 2050830, at *1 (E.D. Mich. July 17, 2007) (explaining that the argument that the IRS is not an agency of the United States "is without merit and has been rejected by the courts").

Next, Defendant challenges the process through which charges were brought against him in this case, apparently contending that his due process rights were violated when the Government failed to commence this suit through the filing of a criminal complaint and accompanying affidavits setting forth probable cause for the charges brought against him. Yet, Defendant's various arguments on this point ignore the fact that this case was commenced through the grand jury's return of an indictment charging Defendant and his four co-defendants with various criminal offenses. As the Supreme Court has explained, "an indictment, fair upon its face, and returned by a properly constituted grand jury, conclusively determines the existence of probable cause and requires issuance of an arrest warrant without further inquiry." *Gerstein v. Pugh,* 420 U.S. 103, 117 n.19, 95 S. Ct. 854, 865 n.19 (1975) (internal quotation marks and citations omitted). Although Defendant cites various authorities indicating that a criminal case may be commenced and an arrest warrant issued pursuant to a criminal

---

In addition, while Defendant's motion is far from clear on this point, he appears to suggest that the allegations of the indictment are insufficient to establish the Court's subject matter jurisdiction over this case. Yet, the indictment unquestionably charges Defendant with violations of federal statutes — specifically, 18 U.S.C. §§ 286, 287, and 2 — and the Supreme Court has long since confirmed that the federal district courts are vested with subject matter jurisdiction in cases charging "offenses against the laws of the United States." *United States v. Williams,* 341 U.S. 58, 65-66, 71 S. Ct. 595, 599 (1951) (citing 18 U.S.C. § 3231); *see also United States v. Marks,* 530 F.3d 799, 810 (9th Cir. 2008) (holding that "[t]he government here met its burden of establishing both subject matter and personal jurisdiction" by pointing to an indictment charging the defendant with federal offenses, and "by virtue of [the defendant] having been brought before [the district court] on a federal indictment charging a violation of federal law"). Thus, Defendant's apparent challenge to the Court's subject matter jurisdiction is wholly without merit.

complaint filed by a United States Attorney, *see, e.g.,* Fed. R. Crim. P. 4(a) (authorizing the issuance of an arrest warrant upon the filing of a complaint and accompanying affidavits that "establish probable cause to believe that an offense has been committed and that the defendant committed it"); 18 U.S.C. § 3045 (authorizing this procedure to prosecute alleged "violations of internal revenue laws"),[4] he fails to identify any authority for the proposition that a criminal prosecution ***must*** be commenced in this way, rather than through an indictment returned by a lawfully empaneled grand jury. *See* Fed. R. Crim. P. 7(a)(1) (providing that an offense "must be prosecuted by an indictment if it is punishable . . . (A) by death; or (B) by imprisonment for more than one year").

Finally, Defendant seems to suggest that his due process rights were violated when a grand jury was seated without him first having the opportunity to challenge the qualifications of the grand jurors. The source of this posited right to "pre-screen" the grand jury, however, is nowhere identified in Defendant's motion. While Defendant points to Fed. R. Crim. P. 6(b) as conferring upon him the right to lodge objections to the grand jury, and to seek the dismissal of the indictment in light of these objections, nothing in this provision requires that such objections be heard and resolved while the grand jury is in session, and before it has even returned the indictment at issue. If Defendant is able during the course of these proceedings to identify any viable grounds

---

[4]As the Government observes, Defendant's reliance on 18 U.S.C. § 3045 appears to be misplaced, since the indictment here does not charge Defendant with violating the Internal Revenue Code, but instead alleges false claim violations under 18 U.S.C. §§ 286 and 287.

upon which the grand jury or an individual grand juror might legitimately be subject to challenge, he is free to raise such objections at that time, and to seek the dismissal of the indictment on those grounds. At present, however, there is no basis whatsoever for Defendant's complaint that he has somehow been "denied" his right to challenge the grand jury, as he has failed to offer anything beyond bare conjecture that there might be grounds for such a challenge in this case.

### III. CONCLUSION

For the reasons stated at the July 2, 2014 hearing, as supplemented by the reasoning and rulings set forth above,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant Vernon Lawson's March 11, 2014 motion to dismiss indictment (docket #7) is DENIED.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: July 10, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 10, 2014, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135