UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

                                  Case No. 14-20115

v.                                   Hon. Gerald E. Rosen

VERNON LAWSON,

      Defendant.

_____/

**ORDER GRANTING DEFENDANT'S MOTION FOR SUBPOENA
COMPELLING PRODUCTION OF HANDWRITING EXEMPLARS**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     February 3, 2016

PRESENT:    Honorable Gerald E. Rosen
                           United States District Judge

By motion filed on December 30, 2015 through his standby counsel, Defendant Vernon Lawson requests that the Court authorize the issuance of a subpoena under Fed. R. Crim. P. 17(c)(1) directing co-defendant Anthony Craig Paul to produce a handwriting exemplar. In support of this motion, Defendant states that a sample of Mr. Paul's handwriting is necessary to support a theory that Defendant intends to pursue at his forthcoming trial, but that Mr. Paul, through his counsel, has declined to produce this sample voluntarily.

Under the plain language of Fed. R. Crim. P. 17, it is debatable whether Defendant must secure the authorization of this Court in order to obtain and issue a subpoena directing Mr. Paul to produce a handwriting exemplar. In particular, Rule 17(a) seemingly contemplates that Defendant may obtain the desired subpoena directly from the court clerk, without the involvement of the Court.[1] While Defendant points to language in Rule 17(b) referencing a "defendant's ex parte application" for a subpoena, this provision applies, by its express terms, only where a "defendant shows an inability to pay" the fee for a witness to appear at a proceeding. Defendant has made no such showing here, nor is it evident that Mr. Paul would be entitled to a witness fee for producing a handwriting exemplar.

Nonetheless, the Court acknowledges that the case law is unclear as to whether a defendant must secure a court's pre-approval of a Rule 17(c) subpoena that seeks the pretrial production of materials — or, here, a handwriting exemplar — from the individual served with the subpoena. *See United States v. Llanez-Garcia,* 735 F.3d 483, 498-500 (6th Cir. 2013) (noting the split of authority on this question and declining to "provide controlling guidance concerning [the] Rule 17(c) procedures" that govern this process). In light of this uncertainty, the Court

---

[1] Similarly, Local Criminal Rule 17.1 of this District authorizes defense counsel to obtain witness subpoenas directly from the clerk's office.

will grant the authorization sought by Defendant, but without prejudice to co-defendant Anthony Craig Paul's opportunity under Rule 17(c)(2) to move to quash or modify the resulting subpoena obtained and served by Defendant.[2]

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant Vernon Lawson's December 30, 2015 motion for a subpoena compelling the production of handwriting exemplars (docket #108) is GRANTED. Defendant, with the assistance of his standby counsel, is directed to promptly obtain and serve this subpoena in accordance with Fed. R. Crim. P. 17(a) and 17(c)(1) and Local Criminal Rule 17.1 of this District.

s/Gerald E. Rosen<br>
United States District Judge

Dated:  February 3, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 3, 2016, by electronic and/or ordinary mail.

s/Julie Owens<br>
Case Manager, (313) 234-5135

---

[2] In particular, while Defendant argues in his motion that he has satisfied the standards articulated in *United States v. Nixon,* 418 U.S. 683, 699-700, 94 S. Ct. 3090, 3103 (1974), for issuance of a subpoena *duces tecum* in a federal criminal proceeding, the Court need not address this question unless and until Mr. Paul challenges this point in a motion brought under Rule 17(c)(2).