UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

                Plaintiff,        Case No. 14-20115

v.                                 Judith E. Levy
                                   United States District Judge

Vernon Lawson,

                Defendant.

_____/

**ORDER DENYING DEFENDANT VERNON LAWSON'S
MOTIONS FOR RELIEF FROM JUDGMENT [162, 163]**

On March 21, 2019, the Court sentenced Defendant Vernon Lawson to a term of time served and a period of two years supervised release after Defendant pleaded guilty to one count of theft of over $1,000 of government funds, in violation of 18 U.S.C. § 641. (ECF No. 158.)

Before the Court are Defendant's two identical motions requesting relief from this judgment, both of which were filed on December 23, 2020.[1] (ECF Nos. 162-163.) Defendant argues that he is entitled to relief from

---

[1] Received by the Court, respectively, on January 15, 2021 and January 19, 2021.

judgment pursuant to newly discovered evidence "that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." (ECF No. 163, PageID.1041.) In support of this statement, Defendant attaches to his motion an "unsworn declaration of rebuttal" stating that he "den[ies] Theft of Over $1,000.00 of Government Money." (*Id.* at PageID.163.)

Defendant cites the civil rules, rather than the criminal rules, in his motion. However, the Court construes Defendant's motion as a motion to vacate his judgment pursuant to Federal Rule of Criminal Procedure 33.[2] If a defendant raises the issue of newly discovered evidence within three years of judgment, this Rule permits the Court to "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a).

The Court DENIES Defendant's motions because he has not offered any reason why justice requires that his judgment be vacated, and because the Court does not credit as "new evidence" Defendant's statement of denial. Fed. R. Crim. P. 33(a).

---

[2] Defendant also implies that he is raising a constitutional challenge to the public money section of the U.S. Code, but the Court declines to address this argument further because Defendant provides no details regarding this claim.

2

IT IS SO ORDERED.

Dated: January 21, 2021           s/Judith E. Levy
Ann Arbor, Michigan          JUDITH E. LEVY
                                                 United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 21, 2021.

                                                 s/William Barkholz
                                                 WILLIAM BARKHOLZ
                                                 Case Manager