UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

                Plaintiff,      Case No. 14-cr-20115

v.                                   Judith E. Levy
                                      United States District Judge

Vernon Lawson,

                Defendant.

_____/

**ORDER DENYING DEFENDANT'S LETTER MOTION TO SEAL THE RECORD [167]**

Before the Court is Defendant Vernon Lawson's letter motion. (ECF No. 167.) In the letter, Lawson states,

> I would like to declare that the documents associated with this case, including the JUDGMENT IN A CRIMINAL CASE and EXEMPLIFICATION CERTIFICATE ORDER, are part of a private trust and shall not be disclosed to the public or the press. These documents are not intended for public filing, and their confidentiality is of utmost importance.

(ECF No. 167, PageID.1082.)

The Court will construe this request as a motion to seal or to expunge a criminal record.[1]

In the absence of a statute granting permission to expunge, federal district courts have "ancillary jurisdiction to expunge criminal records." *United States v. Field*, 756 F.3d 911, 915 (6th Cir. 2014). This jurisdiction is limited. For example, district courts do not have jurisdiction to consider "motions for expungement that are grounded on purely equitable considerations – *e.g.*, motions alleging that the movant has maintained good conduct and that the record of arrest harms the movant's employment opportunities." *Id.* "But where motions for expungement challenge an unconstitutional conviction or an illegal arrest or are otherwise based upon a constitutional claim, federal courts may have jurisdiction to consider the motion." *Id.*

In his letter, Defendant asks that all documents in this case be sealed because he believes they are "part of a private trust." (ECF No. 167, PageID.1082.) However, Defendant does not provide any statutes that permit the Court to seal or expunge the record, and Defendant does

---

[1] "In a federal district court, there is no distinction between sealing and expunging a criminal record." *Cline v. United States*, No. 2:93-CR-00094, 2009 WL 2475264, at *1 (S.D. Ohio Aug. 12, 2009) (citing *United States v. Coloian*, 480 F.3d 47, 48 n.3 (1st Cir. 2007)).

not offer any reasons as to why the Court has jurisdiction to expunge the record. Thus, the Court has no jurisdiction to consider Defendant's motion.

For the reasons stated above, Defendant's motion is DENIED.

Dated: January 29, 2024           s/Judith E. Levy
    Ann Arbor, Michigan        JUDITH E. LEVY
                                          United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 29, 2024.

                                            s/William Barkholz
                                            WILLIAM BARKHOLZ
                                            Case Manager